J-S14005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS M. ROBINSON | : | |
| | : | |
| Appellant | : | No. 1230 MDA 2023 |

Appeal from the PCRA Order Entered August 3, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000549-2010

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED MARCH 25, 2025**

Dennis M. Robinson appeals from the order, entered in the Court of Common Pleas of Dauphin County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

We previously summarized the factual history of this case in Robinson's first collateral appeal. *See Commonwealth v. Robinson*, 229 A.3d 375, at *1-*5 (Pa. Super. 2020) (Table). Briefly, on October 6, 2011, Robinson was convicted of first-degree murder and firearms not to be carried without a license. Robinson was sentenced immediately to the mandatory term of life imprisonment.

Robinson filed a timely notice of appeal and this Court affirmed his judgment of sentence on November 7, 2012. The Supreme Court of Pennsylvania denied discretionary review on April 16, 2013. *See*

*Commonwealth v. Robinson*, 63 A.3d 821 (Pa. Super. 2012) (Table); *see id.*, *appeal denied*, 64 A.3d 631 (Pa. 2013) (Table).  On January 29, 2014, Robinson filed a timely PCRA petition, his first.  After multiple delays, amended petitions, and hearings, the PCRA court denied Robinson's petition on April 8, 2019.  Robinson filed a timely notice of appeal and this Court affirmed.  *See id.*, 229 A.3d 375 (Pa. Super. 2020).  On January 1, 2021, our Supreme Court denied Robinson's petition for allowance of appeal.  *See id.*, *appeal denied*, 244 A.3d 7 (Table).

On January 24, 2023, Robinson, acting *pro se*, filed his second PCRA petition and the PCRA court appointed counsel.  On July 11, 2023, the PCRA court conducted a hearing to ascertain whether Robinson had satisfied any of the PCRA time-bar exceptions at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).  On August 3, 2023, the PCRA court dismissed Robinson's petition as untimely.  *See* PCRA Court Opinion and Order, 8/3/23, at 1-13.

Robinson filed a timely notice of appeal.  Upon review, and based upon numerous *pro se* filings alleging that appellate counsel had abandoned Robinson, this Court remanded for a *Grazier*[1] hearing to ascertain whether Robinson wished to proceed *pro se*.  *See Commonwealth v. Robinson*, 320 A.3d 732, 736-740 (Pa. Super. 2024).  Upon remand, on September 19, 2024, the PCRA court conducted a *Grazier* hearing, after which it concluded that Robinson wished to be represented by an attorney and appointed William

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Shreve, Esquire, to represent Robinson on this appeal. Attorney Shreve subsequently filed a supplemental Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and the trial court filed a Rule 1925(a) opinion that incorporated its prior opinions addressing Robinson's claims. **See** Trial Court Opinion, 10/11/24, at 1-4.

Robinson raises the following claims for our review: "(1) Whether the record supports the PCRA court's determination. (2) Whether the PCRA court's decision is free of legal error." Brief for Appellant, at 8.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions are free from legal error." **Commonwealth v. Cox**, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007).

Prior to addressing Robinson's claims, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final for the purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). The PCRA's

timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Robinson's judgment of sentence became final, for purposes of the PCRA, on July 15, 2013, when the time expired for him to seek a writ of certiorari in the Supreme Court of the United States. **See** 42 Pa.C.S.A. § 9545(1), (3); U.S. Sup. Ct. R. 13. Thus, Robinson had until July 15, 2014, to file a timely PCRA petition. **See id**. Consequently, Robinson's instant petition, filed on January 24, 2023, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).[2] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Here, Robinson argues that his PCRA is timely under the newly discovered facts exception and the governmental interference exception.

The newly discovered facts exception to the PCRA time bar "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020) (quotation marks and citation omitted). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" *Id.* at 1282 (quotation marks omitted). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (internal citations

_____

[2] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Instantly, as we discuss in more detail *infra*, Robinson's claims relate to an alleged agreement between the Commonwealth and Eric Greene, a last-minute trial witness. As it relates to which window of time we apply, Robinson argues that the "deal" originated in October, 2011, mere hours before Greene was called to testify and, therefore, Robinson's claims originated in October, 2011, well before December 24, 2017. Thus, the original 60-day time limit applies.

and quotation marks omitted). In other words, the fact that a petitioner has "discovered yet another conduit" for a claim previously presented "does not transform his latest source into evidence falling within the ambit of section 9545(b)(1)(ii)." *Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020) (en banc) (quotation marks and citation omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Small*, 238 A.3d at 1282. Further, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new facts earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

*Brady*[3] claims can fall within the governmental interference exception to the PCRA time bar. *See Commonwealth v. Natividad*, 200 A.3d 11, 28 (Pa. 2019) ("It is well-settled a *Brady* violation may fall within the governmental interference exception."). Nevertheless, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted).

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

Robinson argues that, prior to his trial, the Commonwealth entered into an agreement with Greene that, in exchange for Greene's testimony against Robinson, the Commonwealth would reduce Greene's sentence for an unrelated burglary case. *See* Brief for Appellant, at 24. First, Robinson contends that his discovery of the agreement satisfies the newly discovered facts exception because District Attorney John Baer concealed the agreement with Greene. *See id.* at 24-27. Second, he asserts that the Commonwealth's failure to disclose its agreement with Greene violates ***Brady***, which falls under the governmental interference exception. *See* Brief for Appellant, at 27-30. Robinson posits that Greene's trial counsel, Wendy Grella, Esquire, testified there was an agreement between the Commonwealth and Greene that, in exchange for Greene's testimony against Robinson, Greene would receive a more favorable sentence. *See id.* We disagree.

The PCRA court addressed the timeliness of Robinson's claims as follows:

> Attorney Grella testified at the hearing on [Robinson]'s second PCRA [p]etition limited to the issue of timeliness and jurisdiction. . . . [PCRA c]ounsel asked Attorney Grella if, generally in cases where she represented cooperating witnesses, she and District Attorney Baer had implicit agreements that if the client testified "the Commonwealth would grant some leniency on the back end." After [Attorney Grella] acknowledged that general statement, the following exchange ensued:
>
> > [PCRA COUNSEL]: And that's what happened in this case with [] Greene, correct?
> >
> > [Attorney Grella]: No.

[PCRA counsel]: What happened in this case that's different?

[Attorney Grella]: [District Attorney Baer] . . . told [Greene] he was not giving him any benefits.

* * *

[Attorney Grella]: He . . . wasn't given any—[District Attorney Baer] said to him, to the best of my recollection, "You can do whatever you want. You can testify, but I'm not giving you anything."

[N.T. PCRA Hearing, 7/11/23, at 26-28.]

Attorney Grella further . . . testified that Greene "knew he wasn't getting any love or any consideration from the Commonwealth, that it had to come through me, advocating with the judge." [*Id.* at 34]. In fact, it was ultimately Attorney Grella who brought Greene's testimony against [Robinson] to the attention of [Greene's] sentencing judge[. *Id.* at 47.]

Finally, we note that the newly discovered fact upon which [Robinson] relies is that District Attorney Baer concealed an agreement with Greene in exchange for his testimony. This "fact," presuming it to be true for the purpose of analyzing the applicability of the newly discovered fact exception to the PCRA, is not newly discovered. It was apparently known to [Robinson] when he filed his first PCRA [p]etition because he raised the claim based on information [he] received from Greene. Attorney Grella's testimony did not provide a new fact, just a new source of a previously known fact.

Therefore, we find that [Robinson] has not satisfied the newly discovered [fact] exception [to] the time bar[.] Although [Robinson] never abandoned his argument that the newly discovered [fact] exception applied to his case, [Robinson also raised a claim under] the governmental interference exception[.]

* * *

[W]e believe the plain language of 42 Pa.C.S.A. § 9545(b)(1)(i) dictates that [Robinson] is not entitled to relief thereunder. The statute provides an exception to the time limitations of the PCRA

- 8 -

and excuses a petitioner's "failure to raise the claim previously" due to governmental interference. [Robinson] was not prevented from raising the claim. He raised it[, in his first PCRA petition,] was represented by counsel, and was afforded five [] separate hearings to present the issue. He may now wish he had presented his claim differently, by having Attorney Grella testify, but he did not "fail" to raise the claim.

PCRA Court Opinion and Order, 8/3/23, at 6-8, 11-13 (some citations omitted).

The PCRA court's findings and conclusions are supported by the record. **See Cox**, **supra**. Indeed, Attorney Grella did **not** testify that any agreement between the Commonwealth and Greene existed, but rather that some of her previous clients benefitted from the implied agreements with District Attorney Baer. **See** N.T. PCRA Hearing, 7/11/23, at 24-27. Attorney Grella explained, in no uncertain terms, that Greene was expressly not receiving a benefit for his testimony and that Greene knew he was receiving **no benefit**. **See id.**; **see also** PCRA Court Opinion and Order, 8/3/23, at 6-8. Thus, Robinson's underlying claim, that an agreement existed between the Commonwealth and Greene, is belied by the record and, consequently, he cannot satisfy either the newly discovered fact or governmental interference exception. **See Small**, **supra**; **Abu-Jamal**, **supra**. Moreover, as noted by the PCRA court, Robinson previously raised and litigated the existence of this alleged agreement in his first PCRA petition and, thus, even if Attorney Grella had offered new testimony, she would merely be a new conduit or source for information already known. **See Maxwell**, **supra**. Accordingly, having concluded that

Robinson's PCRA petition is untimely without an applicable exception, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/25/2025